# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAN CHILCOTT,          )
      Petitioner,     )     **Civil Action No. 12-30 Erie**
                 )
      v.           )     **District Judge Sean J. McLaughlin**
                 )     **Magistrate Judge Susan Paradise Baxter**
**WARDEN ERIE COUNTY PRISON,**  )
      Respondent.    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot and that a certificate of appealability be denied.

## II.    REPORT

### A.    Background

Petitioner commenced this action by filing a petition for a writ of habeas corpus. [ECF No. 3]. At that time he filed the petition, he was being detained at the Erie County Prison. He named the Warden of that facility as the Respondent. According to Petitioner, he was being detained pursuant to a civil contempt order, which he alleged violated an unspecified constitutional right. As relief, he sought an order from this Court directing that he be immediately released from the prison. [ECF No. 3 at 1-2].

Petitioner's subsequent filings establish that he has been released from the Erie County Prison, and that now he wants this Court to intervene in an unrelated Protection From Abuse ("PFA") proceeding that is before the Court of Common Pleas of Erie County. [ECF Nos. 7, 8].

## B.    Discussion

Respondent has not yet filed an Answer.  However, because it plainly appears that Petitioner is not entitled to relief it is recommended that the petition be summarily dismissed and a certificate of appealability be denied.

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit."  Id., quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot.  Burkey, 556 F.3d at 147, citing Spencer, 523 U.S. at 7.[1]

Here, Petitioner has been released from the Erie County Prison and so he has obtained the only relief that this court could have provided to him in habeas.  He no longer has the requisite "personal stake" in the outcome of the litigation.  Id.; Spencer, 523 U.S. at 7.  Accordingly, there is no case or controversy for this Court to consider, and the petition should be dismissed as moot.

---

[1]    When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision.  See, e.g., Spencer, 523 U.S. at 7-8, quoting Lewis, 464 U.S. at 477; Burkey, 556 F.3d at 147-51.  Courts often will presume that *a wrongful conviction* has collateral consequences that likely can be remedied by a favorable decision from a habeas court.  Id.  However, in cases such as the instant case, where a petitioner is not challenging the lawfulness of a state felony conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedied by the court in order to avoid having his case dismissed on mootness grounds.  Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

Additionally, any challenge Petitioner is making regarding the PFA proceedings does not raise a claim cognizable in habeas. The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. 28 U.S.C. § 2254, § 2241. The federal habeas statute does not give this Court any authority to intervene in a state PFA proceeding. Moreover, this Court is barred from intervening by the abstention doctrine of Younger v. Harris, 401 U.S. 37, 44 (1971).

Finally, the petition should be dismissed because in many ways it is repetitive of the habeas action Petitioner commenced with this Court on or around January 9, 2012, which is docketed at 1:12-cv-04, and in which he also challenged his confinement in the Erie County Prison and the PFA proceedings.

### C.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would

not find it debatable whether the petition should be dismissed. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas Corpus be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  April 19, 2012                    /s/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          United States Magistrate Judge

cc:     The Honorable Sean J. McLaughlin
        United States District Judge